STATE of Delaware, DEPARTMENT OF LABOR, Appellant Below, Appellant,

v.

Harold P. MINNER, Frank J. Carello, W. Allen Jones, Dr. Jack E. Robinson, Emilie E. Tugend, Constituting the Unemployment Insurance Board of Appeals of the State of Delaware and Mountaire of Delmarva, Inc., Appellees Below, Appellees.

Supreme Court of Delaware.

Submitted: Feb. 10, 1982.

Decided: July 7, 1982.

Timothy A. Casey (argued), Deputy Atty. Gen., Wilmington, for appellant below, appellant.

Stephen P. Ellis (argued), of Tunnell & Raysor, Georgetown, for appellees below, appellees.

Before HERRMANN, C. J., McNEILLY and QUILLEN, JJ.

HERRMANN, Chief Justice:

The State Department of Labor (hereinafter, the Department) seeks reversal of a Superior Court order dismissing its appeal from a determination of the Unemployment Insurance Appeals Board (hereinafter, the Board). The Department asserts error by the Superior Court in holding (1) that it lacked standing to appeal the Board's decision; (2) that judicial review is governed by 19 Del.C. § 3344; and (3) that the appeal was not timely filed within 10 days as required by 19 Del.C. § 3344(c).

I.

Mountaire of Delmarva, Inc. (hereinafter, Mountaire) acquired H & H Poultry Company, Inc., a company employing in excess of 500 people in Sussex County. As part of its business development plan for its newly-acquired company, Mountaire closed down a processing plant in Dagsboro, moving the operation to a more modern facility in Selbyville.

During the temporary shutdown that was required to complete the transition, the affected employees applied for and received unemployment benefits of approximately $25,000. It was determined by Mountaire management that, as a result of those payments, Mountaire's assessment to the Unemployment Compensation Fund (the Fund) would increase by about $90,000. over the next 3 years—an increase over the usual payment based on an experience rating of 3.7%. Stated differently, Mountaire over a 3-year period would be required to pay, in addition to its usual assessment, $65,000. more to the Fund than the Fund paid out to the furloughed employees.

Mountaire protested the added assessment but was denied relief by the Department, whereupon Mountaire appealed to the Board. At the hearing before the Board, Mountaire requested that it be permitted to reimburse the Fund for the $25,-000. paid out in benefits and, in exchange, be excused from paying the $90,000. special assessment.

The Board permitted Mountaire the relief requested; 19 days later, the Department appealed to the Superior Court. In the meantime, a day earlier, the Board issued a modification ordering Mountaire to pay interest on the reimbursement at the legal rate.

Mountaire filed a motion to dismiss the Department's appeal arguing that under 19 *Del.C.* § 3344 appeals are limited to those filed by complainants, and the Department, not being a complainant, lacked authority to appeal an adverse decision of the Board. The Superior Court granted the motion to dismiss, agreeing that the controlling statute was 19 *Del.C.* § 3344,[1] not 29 *Del.C.* § 10142[2] of the Administrative Procedures Act. While holding that the Department was not a complainant, the Superior Court found that, even if the appeal could be taken, it was not timely filed within 10 days of the Board's decision, as required by § 3344.

## II.

### A.

The activities of the Board are expressly made subject to the provisions of the Administrative Procedures Act (the Act) by 29 *Del.C.* § 10161(9).[3] Any holding to the contrary ignores the clear directive of § 10161. Accordingly, we must reverse.

1. The relevant portion of 19 *Del.C.* § 3344 reads:

"§ 3344. Determination of liability of employer for assessments; administrative and judicial review; time limits.

\* \* \*

"(c) The Unemployment Insurance Appeal Board's decision shall be final and conclusive as to the liability of the employing unit unless, within 10 days after notice thereof, the complainant appeals to the Superior Court for the county in which the complainant resides. In every such appeal the cause shall be decided by the Court from the record, without the aid of a jury, and the Court may affirm, reverse or modify the Unemployment Insurance Appeal Board's decision. The Unemployment Insurance Appeal Board's findings of fact shall not be set aside unless the Court determines that the record contains no substantial evidence that would reasonably support the findings. If the Court finds that additional evidence should be taken, the Court shall remand the case to the Unemployment Insurance Appeal Board for completion of the record. If the Court finds that the Unemployment Insurance Appeal Board has made an error of law, the Court shall reverse or modify the Unemployment Insurance Appeal Board's decision and render an appropriate judgment."

\* \* \*

2. 29 *Del.C.* § 10142 provides:

Although 19 *Del.C.* § 3344 was not expressly revoked by the Administrative Procedures Act, the latter was more recently enacted; therefore, it must prevail over § 3344 where in irreconcilable conflict. "It is assumed that when the General Assembly enacts a later statute in an area covered by a prior statute, it has in mind the prior statute and therefore statutes on the same subject must be construed together so that effect is given to every provision unless there is an irreconcilable conflict between the statutes, in which case the later supersedes the earlier." *Green v. County Council of Sussex County,* Del.Ch., 415 A.2d 481, 484 (1980). Stated in terms specific to this case, to the extent the two statutes at issue conflict, § 10142 supersedes § 3344; otherwise they will be construed together. *Freeman Asso., Inc. v. Green,* Del.Supr., 447 A.2d 1179 (1982).

"The [stated] purpose of [the Administrative Procedures Act] is to standardize the procedures and methods whereby certain state agencies exercise their statutory pow-

"§ 10142. Review of case decisions.

"(a) Any party against whom a case decision has been decided may appeal such decision to the [Superior] Court.

"(b) The appeal shall be filed within 30 days of the day the notice of the decision was mailed.

"(c) The appeal shall be on the record without a trial de novo. If the [Superior] Court determines that the record is insufficient for its review, it shall remand the case to the agency for further proceedings on the record.

"(d) The [Superior] Court, when factual determinations are at issue, shall take due account of the experience and specialized competence of the agency and of the purposes of the basic law under which the agency has acted. The [Superior] Court's review, in the absence of actual fraud, shall be limited to a determination of whether the agency's decision was supported by substantial evidence on the record before the agency."

3. 29 *Del.C.* § 10161(9) provides:

"§ 10161. State agencies affected.
"This chapter shall apply only to the following agencies:

\* \* \*

"(9) Unemployment Insurance Appeals Board;"

\* \* \*

ers and to specify the manner and extent by which such agencies may be subject to judicial review." 29 *Del.C.* § 10101. It is apparent therefrom that we are dealing with "a comprehensive revision of a particular subject"—state agency procedures—which has been promulgated and predicated upon "a [uniform] statewide system of administration," replacing previous non-uniform regulation. Sands: *Sutherland Statutory Construction*, 3rd Ed. § 23.15 (1972). As such, we think there is evidenced a legislative intent to implicitly repeal any conflicting provisions in the Code, non-conflicting provisions remaining in effect. See *Board of Assessment Review of New Castle County v. Silverbrook Cemetery Co.*, Del.Supr., 378 A.2d 619 (1977).

### B.

■ Following the aforementioned principles and § 10142: (1) Thirty days was the applicable time limitation within which to file an appeal to Superior Court in this case. The appeal in the present case, being filed 19 days after the decision of the Board, was timely. The *sua sponte* ministerial modification issued by the Board did not constitute a new decision from which a new appeal must be taken. And (2) an appeal may be taken by "any party against whom a case decision has been decided," 29 *Del.C.* § 10142(a), the right to appeal no longer being limited to a complainant. The word "party" is defined in the Statute as "each person or agency named or admitted in an agency proceeding as a party, or properly seeking and entitled as of right to be admitted as a party to an agency proceeding." 29 *Del.C.* § 10102(6).

■ The Department is charged with the basic administration of the Fund, 19 *Del.C.* § 3312 and, as such, has the responsibility to advocate policy consistent with "the public good and the general welfare of the citizens of this State." 19 *Del.C.* § 3301. The Department cannot be expected to fulfill this duty completely without access to

the appellate process. Any such denial would violate sound public policy.

We conclude that the Department of Labor is entitled as of right to appeal decisions of the Board in employer assessments-to-the-Fund cases.[4]

\* \* \*

■ It is also asserted by Mountaire that the appeal to Superior Court was improper because this is not a "case decision," and that § 10142 of the Administrative Procedures Act governs only appeals of "case decisions."

This argument is untenable. "Case decision" is defined in § 10102(3) as

" \* \* \* any agency proceeding or determination that a named party as a matter of past or present fact, or of threatened or contemplated private action, is or is not in violation of a law or regulation, or is or is not in compliance with any existing requirement for obtaining a license or other right or benefit. Such administrative adjudications include, without limitation, those of a declaratory nature respecting the payment of money or resulting in injunctive relief requiring a named party to act or refrain from acting or threatening to act in some way required or forbidden by law or regulation under which the agency is operating."

In the present case, the substantive issue is whether the Board is "in violation of a law" by permitting Mountaire to reimburse the fund. The Board's decision is an "administrative [adjudication] . . . of a declaratory nature respecting the payment of money," and as such falls within the statutory definition of a "case decision." That the procedures of § 10101 *et seq.* were not complied with does not change the substantive nature of the proceeding.

### III.

■ Mountaire argues that the Board is an affiliated agency of the Department and, therefore, an appeal by the Depart-

---

4. We note that we limit our decision to the Department's right to appeal employer assessment decisions. We leave for another day the question of the Department's right to appeal rulings of the Board on compensation claims.

ment of a decision of the Board adverse to the Department's position would be tantamount to an appeal by the Department of its own rulings. In support of this argument, Mountaire points out that the Board's stationery uses a letterhead entitled "State of Delaware, Department of Labor, Unemployment Insurance Appeal Board," indicating the Board's subordinate position. We find this contention untenable.

The separate nature of the Board is apparent from the legislative history of § 3344. As originally enacted (see 41 *Del. Laws*, ch. 258, § 11), initial rulings on employer assessments, and review of those rulings as well, were within the purview of the Unemployment Compensation Commission. In 1969, such initial decisions were assigned to the Department of Labor; it was further provided that appeals from such Department decisions should be taken to the Unemployment Insurance Appeals Board. 57 *Del.Laws*, ch. 669 § 5G. That which had been the responsibility of one State Agency was now divided between two. Thus, it cannot correctly be said that the Board is an agency subordinate to the Department. It is a public body exercising an independent quasi-judicial function. See *Henry v. Dept. of Labor*, Del.Super., 293 A.2d 578 (1972).

### IV.

The Board concedes that its procedures in this case were not in compliance with those mandated by the Administrative Procedures Act.

Indeed, it appears that the Board has not promulgated and published any Rules in compliance and conformity with the Act. The Board is remiss in failing to comply with the law in this regard and is admonished to rectify that failure without further delay.

\* \* \*

The judgment of the Superior Court dismissing the appeal is reversed and the case is remanded to the Superior Court for further proceedings consistent herewith.