# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Duncan v. People ex rel. Brady*, 2013 IL App (3d) 120044

---

| | |
|---|---|
| Appellate Court Caption | MILES DUNCAN, Petitioner-Appellee, v. THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* JERRY BRADY Respondent-Appellant. |
| District & No. | Third District<br>Docket Nos. 3-12-0044, 3-12-0087 cons. |
| Filed | April 24, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court erred in sealing the records showing that petitioner had registered as a sex offender following his conviction for aggravated criminal sexual abuse as a juvenile, notwithstanding the fact that a juvenile court terminated his registration requirement, since the sealing and expungement statute only allowed the sealing of records of arrests and charges not initiated by arrest, and under the statute, the records of petitioner's compliance with the registration requirement could not be sealed. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 11-MR-111; the Hon. Stephen Kouri, Judge, presiding. |
| Judgment | Reversed. |

| Counsel on Appeal | Jerry Brady, State's Attorney, of Peoria (Terry A. Mertel and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant. |
|---|---|
| | Michelle A. Vescogni, of Vescogni Law Office, P.C., of Peru, for appellee. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion. Presiding Justice Wright and Justice Holdridge concurred in the judgment and opinion. |

**OPINION**

¶ 1 After the trial court sealed police records generated by petitioner's compliance with his obligation to register as a sex offender, the State appealed, arguing that the Criminal Identification Act (20 ILCS 2630/0.01 *et seq.* (West 2010)) does not allow for the sealing of records that are not arrests or charges initiated by arrest. We reverse.

¶ 2                                         FACTS

¶ 3 On April 5, 2011, petitioner Miles Duncan filed a petition seeking to have certain records sealed or expunged. Relevant to this appeal, counts IV through XII of his petition sought to have eight "non-criminal Peoria Police Reports" sealed. Petitioner had previously been convicted for aggravated criminal sexual abuse as a juvenile and was required to register as a sex offender with the Peoria police department while he was attending college. In 2008, the juvenile court found that petitioner posed no risk to the community and terminated his registration requirement. The Peoria police reports petitioner sought to seal were generated each time he complied with his sex offender registration requirement–these reports did not reflect arrests or charges against petitioner.

¶ 4 At the sealing and expungement hearing, petitioner testified that he graduated from college in 2008, obtained a certified public accountant accreditation in 2009, and that he was currently pursuing a master of business administration degree. He indicated that he wanted his records sealed because these police records were showing up on criminal background checks, which caused employers to reject him as a candidate.

¶ 5 The State objected to sealing of the reports noting petitioner's compliance with the registration requirement, arguing that the sealing and expungement statute only allowed the sealing of records for "arrests" or "charges not initiated by arrest." See 20 ILCS 2630/5.2(c)(2)(A)-(F) (West 2010). Because the reports were nonincident reports and not

-2-

arrests or charges, the State argued the court lacked authority to seal the records.

¶ 6    The trial court disagreed and ordered the records sealed on August 31, 2011. Relying on *State v. Fletcher*, 974 A.2d 188 (Del. 2009), as persuasive authority, the court reasoned that because petitioner's registration requirement was terminated, it could seal the police reports as indicia of the registration requirement. The State filed a motion to reconsider, again arguing that the language of the sealing statute did not allow the reports generated by petitioner's registration to be sealed. The trial court denied the State's motion on December 13, 2011, reasoning that the State's reading of the statute was too narrow. The State appealed.

¶ 7                                          ANALYSIS

¶ 8                                          Jurisdiction

¶ 9    We first note that the State has filed multiple notices of appeal in this case, and therefore we must determine whether we have jurisdiction. The State filed a notice of appeal on January 11, 2012, within 30 days of the trial court's decision on the motion to reconsider, and filed a second notice of appeal on January 17, 2012. For the reasons that follow, we conclude that the State's second notice of appeal was timely and was sufficient to grant jurisdiction.

¶ 10    A notice of appeal is timely and confers jurisdiction on the appellate court if it is filed within 30 days of a final order. Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008). The Criminal Identification Act (Act) provides that orders to expunge or seal records do not become final until 30 days after the order is served on all parties entitled to notice. 20 ILCS 2630/5.2(d)(11) (West 2010). See also 20 ILCS 2630/5.2(d)(8) (West 2010) (listing which parties are entitled to notice). Here, the sealing order was served on all parties on December 14, 2011, and under the statute it did not become final until January 13, 2012. The State's first notice of appeal, filed on January 11, 2012, was premature under the statute. A party can potentially lose its right to appeal if it files too early; however, if a party is genuinely confused about what constitutes a final order, it may protect itself by filing multiple notices of appeal. *In re Commitment of Hernandez*, 239 Ill. 2d 195, 204 (2010). The State was evidently confused as to when the trial court's order sealing the records became final and filed two notices of appeal. Because the State's second notice of appeal on January 17 came after the sealing order became final, we hold it was sufficient to grant jurisdiction in this case. We now turn to the merits of the State's appeal.

¶ 11                                    Sealing of Records

¶ 12    The parties dispute whether the sealing and expungement provisions of the Criminal Identification Act authorize the sealing of the police records noting petitioner's compliance with his sex offender registration requirement. The State urges us to reverse the trial court's decision, arguing that the Act does not allow for the sealing of records that are neither arrests nor charges initiated by arrest. Petitioner argues that the statute allows the sealing of the records at issue and argues that the State's proposed reading of the statute is overly narrow. This is an issue of statutory interpretation, which we review *de novo*. *People v. Marshall*, 242 Ill. 2d 285, 292 (2011).

¶ 13    The Criminal Identification Act "authorizes the sealing of criminal records of adults and of minors prosecuted as adults." 20 ILCS 2630/5.2(c)(1) (West 2010). When records are sealed, they are physically and electronically maintained but are made unavailable without a court order. 20 ILCS 2630/5.2(a)(1)(K) (West 2010). The sealing provision of the Act identifies the records eligible to be sealed as "arrests" or "charges not initiated by arrest" that have resulted in various dispositions, including dismissal, acquittal, or conviction. See 20 ILCS 2630/5.2(c)(2)(A)-(F) (West 2010). The Act also excludes certain records from eligibility for either sealing or expungement. 20 ILCS 2630/5.2(a)(3) (West 2010). Among the records which cannot be sealed are records for sex offenses as defined in article 11 of the Criminal Code of 1961 (720 ILCS 5/art. 11 (West 2010)). See 20 ILCS 2630/5.2(a)(3)(C) (West 2010).

¶ 14    The records at issue here merely recorded petitioner's compliance with the registration requirement stemming from his juvenile adjudication as a sex offender. They did not reflect arrests or charges against petitioner. We agree with the State that the plain language of the statute, which only authorizes the sealing of "arrests" or "charges not initiated by arrests," does not encompass these records as eligible for sealing.

¶ 15    Petitioner, however, argues that we should not construe the statute so narrowly. The petitioner points to the subsection of the sealing statute addressing subsequent felony convictions, which states:

"A person may not have subsequent felony conviction records sealed as provided in this subsection (c) if he or she is convicted of any felony offense after the date of the sealing of prior felony convictions as provided in this subsection (c). The court may, upon conviction for a subsequent felony offense, order the unsealing of prior felony conviction records previously ordered sealed by the court." 20 ILCS 2630/5.2(c)(4) (West 2010).

Petitioner states that this section contemplates that records of convictions can be sealed, and argues that it would be "unreasonable that an actual conviction could be sealed, yet the incident reports generated as a result of Petitioner's registration requirement could not be sealed." We disagree. We acknowledge that the term "records"–which the statute does not define–could be broad enough in scope to refer to both (1) the record of the arrest or charge itself and (2) all subsequent proceedings relating to the arrest or charge, such as records of the court proceedings and conviction records. But we need not address that issue here. The underlying charge which resulted in petitioner's registration requirement was for a sexual offense and thus it was not eligible for sealing. See 20 ILCS 2630/5.2(a)(3)(C) (West 2010). Nor could the underlying charge or conviction be expunged under the expungement provisions of the Juvenile Court Act of 1987. See 705 ILCS 405/5-915(2) (West 2010).

¶ 16    For this reason, we find the trial court's and petitioner's reliance on *State v. Fletcher* misplaced. In *Fletcher*, the Delaware Supreme Court addressed Delaware's expungement statute, which allowed for expungement of "all evidence of [an] adjudication" and "all indicia of arrest." (Internal quotation marks omitted.) *Fletcher*, 974 A.2d at 192. Under that statute, once records are expunged, "it is as if the adjudication never occurred." *Fletcher*, 974 A.2d at 196. Based on this statute, the *Fletcher* court held that the expungement of a juvenile sex offender's underlying offense also removed any continued sex offender registration

requirement. *Fletcher*, 974 A.2d at 196.

¶ 17     The *Fletcher* court's reasoning is not applicable in this case, however. Under the Illinois statute, records relating to petitioner's sex offense would not be eligible for either sealing or expungement, so petitioner lacks a viable argument for sealing the "indicia" of that underlying offense. Furthermore, although petitioner's obligation to register as a sex offender was terminated by court order, the only effect of that order was that petitioner was no longer required to register going forward. The termination did not authorize expungement of the underlying conviction or his previous registration obligations, so it is not as if his registration never occurred. Therefore, the termination of the petitioner's registration obligation did not authorize the sealing of the past Peoria police records generated by his compliance with his sex offender registration.

¶ 18     We appreciate the difficulties that these police records, stemming from a juvenile adjudication, may cause petitioner as he seeks employment, and we sympathize with his frustration. But the legislature clearly did not intend for records of sexual offenses to be sealed, and neither the letter nor the spirit of the Act authorizes the sealing of records that are indicia of the underlying sex offense and are not arrests or charges not initiated by arrest.

¶ 19                                          CONCLUSION

¶ 20     For the reasons stated above, we hold the Criminal Identification Act does not authorize the sealing of the police reports documenting petitioner's sex offender registration.

¶ 21     Reversed.