**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3263
_____

SANDRA HARMON,
                              Appellant

v.

SUSSEX COUNTY, State of Delaware Administration; TODD LAWSON;
CONSTABLE MIKE CASTELLO; KELLY PASSWATER
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-01817)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2020

Before:  SHWARTZ, RESTREPO and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 8, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Sandra Harmon appeals the District Court's order granting summary judgment to the defendants. For the reasons detailed below, we will affirm the District Court's judgment.

Harmon owned real property in Rehoboth Beach, Delaware. In April 2017, a Sussex County constable performed an inspection of the property and determined that, due to serious fire damage, the home was unsafe and unfit for human occupancy. As a result, Sussex County issued a "demolition order," which directed the owner of the property to raze and remove the structure on or before June 24, 2017. The order further provided that if the owner did not comply, Sussex County would do so itself and charge the owner. Harmon objected, and Sussex County, through Michael Costello, its government affairs manager, agreed to stay any demolition pending her appeal to the County Board of Adjustments and Appeals.

Harmon filed an appeal. However, Costello, who processed her filing, informed her that there was a $600 filing fee and that if she did not pay the fee by September 13, 2017, her scheduled hearing would be canceled. Harmon did not pay the fee, and on September 14, 2017, an assistant attorney for Sussex County informed Harmon that her hearing had, in fact, been canceled. Demolition began shortly thereafter.

In January 2018, Sussex County commenced a monition[1] action to collect delinquent sewer and water bills and demolition costs. A sheriff posted notice on the

---

[1] "Monition" is "a legal process in the nature of a summons or citation to appear and answer (as in default of performing some certain act)." Monition, Merriam-Webster's Unabridged Dictionary (2016).

property on January 23, 2018.  Harmon challenged these proceedings in Delaware state court, to no avail, and on June 19, 2018, a sheriff's sale was held and the property was sold.

In her complaint in District Court, Harmon alleged that the defendants—Sussex County, Costello, and two other Sussex County employees—had violated her constitutional right to enjoy her property, violated her due process rights, and had conspired to deprive African-Americans of their beach property.  The defendants filed a motion for summary judgment, which the District Court granted.  The Court concluded that the record failed to support any of Harmon's claims.[2]  Harmon then filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the grant of summary judgment de novo, applying the same standard as the District Court.  See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).  Summary judgment is proper if, viewing the record in the light most favorable to Harmon, there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law.  See Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002).

---

[2] Harmon also filed a motion for reconsideration, which the District Court denied. Because Harmon did not timely file a new or amended notice of appeal encompassing the order denying her motion for reconsideration, we lack jurisdiction to consider that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253–54 (3d Cir. 2008).

3

On appeal, Harmon raises three arguments.[3]  First, she contends that the defendants violated her constitutional rights by inventing the $600 filing fee, which they have applied only in her case and not in cases involving other litigants.  We agree with the District Court that the record does not support this claim.  Sussex County Code § 71-31 provides that "[e]ach Board of Appeals shall adopt and publish rules and regulations as may be necessary to govern its administrative procedures and proceedings."  The Board of Adjustments and Appeals has promulgated rules and procedures, which specifically provide that any appeal "shall be accompanied with the proper fee."  ECF No. 30 at 27 (Rules of Procedure of the Board of Adjustments and Appeals of Sussex County, Delaware ¶ 14.1).  While the rules and procedures do not themselves quantity the fee, the Board's website provides that "[a] fee of $600.00 shall accompany such notice of appeal."  Id. at 30 (Sussex County Board of Adjustments and Appeals, https://sussexcountyde.gov/board-adjustments-and-appeals).  Harmon has presented no evidence that this $600 fee is not uniformly applied.  See generally Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) ("In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the

---

[3] We will consider only those issues that Harmon raised in her opening brief.  See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (quotation marks, alteration omitted); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

pleadings, legal memoranda, or oral argument."). Accordingly, we discern no error in this part of the District Court's decision.[4]

Next, Harmon argues that the defendants improperly used the monition method of collecting delinquent taxes when that method is available only when the property has an unknown owner. The District Court rejected this claim on the ground that Harmon had not raised it in her complaint and could not amend her complaint through arguments presented in a response to the defendants' motion for summary judgment. See ECF No. 76 at 12 n.10. This was permissible. See Shanahan v. City of Chi., 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.").

Moreover, as the defendants argue in their brief, Harmon's claim lacks merit. In 1947, the Delaware legislature authorized the monitions method as an additional way to collect taxes. See Del. Code Ann. Tit. 9, § 8721; Riley v. Banks, 62 A.2d 229, 233–34 (Del. Super. Ct. 1948). That method was available regardless of whether the property's owner was known. See Robins v. Garvine, 136 A.2d 549, 550 (Del. 1957) (discussing use of monition method in case where the owner's identity was known). In 2005, the legislature amended the statute to insert a new subsection permitting tax collecting

_____

[4] Harmon also argues that her case should have been disposed of by the Board of Appeals itself, not Costello. However, she points to no authority, and we have found none, that requires a dismissal for failure to pay the filing fee to be accomplished by the Board rather than an administrator. Cf. 3d Cir. L.A.R. 3.3(a) ("If a proceeding is docketed without prepayment of the applicable docketing fee, the appellant must pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.").

authorities to "initiate and complete the monitions process against any property designated by the authority as having an unknown owner for a continuous period in excess of 5 years." Del. Code Ann. Tit. 9, § 8722(d). This subsection permits tax collectors to use the monition method in this additional situation; it does not purport to limit the remainder of the statute and change longstanding practice. See generally State v. Fletcher, 974 A.2d 188, 194 (Del. 2009) ("This policy has been Delaware law for over fifty years, and should not be changed in the absence of a clear statutory mandate." (footnote omitted)). Accordingly, even if Harmon had properly pleaded this claim, she would be entitled to no relief.

Finally, Harmon argues that the District Court violated D. Del. LR 7.1.3(c)(2) by refusing to strike a transcript that the defendants attached to their reply brief in support of their motion for summary judgment. See Rule 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."). However, the transcript bore on an issue[5] that Harmon raised for the first time in her opposition to the motion for summary judgment. The District Court did not abuse its considerable discretion to manage the proceedings by considering this evidence. See United States v. Schiff, 602 F.3d 152, 176 (3d Cir. 2010) ("We give a district court broad discretion in its rulings concerning case management[.]"); Wilmot v. Marriott Hurghada Mgmt., Inc., No. CV 15-618-RGA-MPT, 2016 WL 2599092, at *4 (D. Del. May 5, 2016) (concluding that "arguments in a reply

---

[5] The transcript related to the issue of whether the monition order was based in part on the demolition costs.

brief responsive to positions and new information raised in an opposition brief do not violate D. Del. LR 7.1.3(c)(2)").

Accordingly, we will affirm the District Court's judgment.