# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Wakefield v. Department of State Police, 2013 IL App (5th) 120303**

---

| | |
|---|---|
| Appellate Court Caption | WAYNE WAKEFIELD, Plaintiff-Appellee, v. THE DEPARTMENT OF STATE POLICE, Defendant-Appellant (Lawrence County State's Attorney Patrick Hahn, Defendant). |
| District & No. | Fifth District<br>Docket No. 5-12-0303 |
| Filed | August 26, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's judgment denying the 2012 petition of the Department of State Police to vacate the 2007 circuit court order expunging defendant's 1997 conviction for domestic battery was reversed along with the order of expungement, since nothing in the Criminal Identification Act provided for the expungement of a conviction when conditional discharge is imposed, and the expungement order was void and could be attacked at any time. |
| Decision Under Review | Appeal from the Circuit Court of Lawrence County, No. 05-MR-75; the Hon. Robert M. Hopkins, Judge, presiding. |
| Judgment | Reversed; order vacated. |

Counsel on
Appeal

Lisa Madigan, Attorney General, of Chicago (Michael Scodro, Solicitor General, and Brett E. Legner and John P. Schmidt, Assistant Attorneys General, of counsel), for appellant.

James M. Neal, of Lawrenceville, for appellee.

Panel

JUSTICE CATES delivered the judgment of the court, with opinion.

Justices Stewart and Wexstten concurred in the judgment and opinion.

## OPINION

¶ 1    The plaintiff, Wayne Wakefield (Wakefield), petitioned for an order requiring the defendant, the Illinois Department of State Police (State Police), to expunge his 1997 conviction for domestic battery from his record. The circuit court of Lawrence County granted Wakefield's request and ordered that the conviction be expunged. The State Police moved to vacate the expungement order under section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2012)). The State Police asserted that the circuit court's order was void because the court lacked authority under the Criminal Identification Act (20 ILCS 2630/5 (West 2006)) to order that Wakefield's domestic battery conviction be expunged. The court denied the State Police's motion to vacate after concluding that the motion was barred by the passage of time. The State Police appeals, arguing that the motion to vacate was timely because it was challenging a void order and, therefore, could be brought at any time. The State Police further contends that the circuit court lacked the authority to order Wakefield's domestic battery conviction be expunged under the Criminal Identification Act and lacked jurisdiction to expunge arrest records in general outside of certain narrow statutory confines. We reverse.

¶ 2    The plaintiff originally applied to the State Police for a firearm owner's identification card (FOID card), but his application was denied because of a 1997 domestic battery conviction. He subsequently petitioned for an order requiring the State Police to issue him a FOID card. In 2006, the circuit court granted the petition. The State Police complied with the order by issuing the plaintiff a FOID card which stated that he was prohibited from possessing firearms or ammunition under federal law. In accordance with the federal Gun Control Act of 1968, an individual who has been convicted of a misdemeanor crime of domestic violence may not possess a firearm. 18 U.S.C. § 922(g)(9) (2006). A person is not considered to be convicted of a misdemeanor crime of domestic violence if the conviction has been expunged or set aside, the person has been pardoned, or the person has had his or her civil rights restored. 18 U.S.C. § 921(a)(33)(B)(ii) (2006). The plaintiff contacted the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives and was informed that

-2-

expungement of his domestic battery conviction was required for him to be eligible to possess a gun under federal law. The plaintiff then petitioned the circuit court to have the domestic battery conviction expunged from his record. On March 23, 2007, the circuit court granted his request. The State Police, however, did not receive the expungement order until October 25, 2011. On January 13, 2012, the State Police moved to vacate the expungement order under section 2-1401(f) of the Code of Civil Procedure, claiming that the order was void because the circuit court lacked authority to order the expungement. The circuit court denied the State Police's motion to vacate, holding that it was "barred by the passage of time." The State Police filed a motion to reconsider arguing that the expungement order was void and therefore the motion could not have been untimely. The court denied the motion to reconsider as well. It is from the denial of these motions that the State Police now appeals to our court.

¶ 3    Given that the circuit court denied the State Police's section 2-1401 petition on the pleadings without holding an evidentiary hearing, we are presented with a question of law which we review *de novo*. See *People v. Vincent*, 226 Ill. 2d 1, 14-15, 871 N.E.2d 17, 27 (2007). Additionally, where relief is sought from a void order pursuant to section 2-1401(f), the court does not exercise its discretion or apply equitable principles in determining whether to grant relief. See *People v. Hubbard*, 2012 IL App (2d) 101158, ¶ 14. Again, the only questions presented are issues of law, and the *de novo* standard of review applies.

¶ 4    We begin by noting that a motion to vacate an order as void may be brought at any time and is not subject to the two-year limitations period imposed under section 2-1401. *People v. Harvey*, 196 Ill. 2d 444, 447, 753 N.E.2d 293, 295 (2001). Accordingly, the court erred in denying the State Police's motion on the basis that it was untimely filed. The question then becomes whether the court's order of expungement was void. "An order is void if it was entered by a court that lacked jurisdiction of the parties or of the subject matter or lacked the inherent authority to enter the particular order involved." *People v. Thon*, 319 Ill. App. 3d 855, 861, 746 N.E.2d 1225, 1231 (2001).

¶ 5    As a general matter, "expungement of criminal records is a creature of legislative enactment." *Thon*, 319 Ill. App. 3d at 862, 746 N.E.2d at 1232. Consequently, an individual is eligible for expungement only when the legislature has authorized such expungement. *People v. Bushnell*, 101 Ill. 2d 261, 268, 461 N.E.2d 980, 983 (1984). Likewise, a court cannot expunge a record of conviction, absent specific statutory authorization. *People v. Howard*, 233 Ill. 2d 213, 218, 909 N.E.2d 724, 727 (2009); *Bushnell*, 101 Ill. 2d at 268, 461 N.E.2d at 983. The Criminal Identification Act (Act) (20 ILCS 2630/0.01 to 13 (West 2006)) provides for the sealing and expungement of criminal records under certain circumstances. At the time Wakefield filed his expungement petition, section 5 of the Act governed his request. See 20 ILCS 2630/5 (West 2006).[1] Section 5 allowed expungement of the record of

---

[1] In 2010, the General Assembly amended the Criminal Identification Act, adding section 5.2, which now governs expungement. See 20 ILCS 2630/5.2 (West 2012). For the purposes of this appeal, the substantive criteria for expungement of Wakefield's arrest record are the same under either statute.

arrest from the official records of the State Police provided that the individual requesting expungement had not been previously convicted of any criminal offense and was acquitted of the pending charge or released without being convicted. 20 ILCS 2630/5 (West 2006); see also *Thon*, 319 Ill. App. 3d at 859, 746 N.E.2d at 1229. Wakefield did not qualify for expungement because he was not acquitted of his domestic battery arrest. He was convicted of that crime. Wakefield's arrest record could be expunged only if he had been acquitted, received supervision, or received probation under certain inapplicable statutes. See 20 ILCS 2630/5(a) (West 2006). Again, Wakefield was not acquitted, nor did he receive supervision or probation; he received a conditional discharge upon being convicted of domestic battery. A conditional discharge is defined as "a sentence or disposition of conditional and revocable release without probationary supervision but under such conditions as may be imposed by the court." 730 ILCS 5/5-1-4 (West 2010). This meant that, while being spared from going to prison, even after completion of his sentence, the conviction still remained on his record. See 730 ILCS 5/5-1-4 (West 2010). An order of supervision, on the other hand, provides for a judgment dismissing the charges upon successful conclusion of the supervisory period. See 730 ILCS 5/5-1-21 (West 2010). Clearly an order of supervision and a conditional discharge are two distinct dispositions of criminal matters. Certain other narrowly defined instances also were not applicable to Wakefield's situation. 20 ILCS 2630/5 (West 2006). Given that there is no language in section 5 authorizing expungement of a judgment of conviction where a sentence of conditional discharge is imposed, Wakefield was ineligible for expungement of his record under the Act. With no statutory basis upon which the court could issue the expungement order, and because the court lacked the inherent power to grant expungement in general, the order of expungement issued herein was void.

¶ 6        Illinois has narrow criteria for expungement of arrest records. We presume these limited criteria are consistent with the government's interest in keeping a record of an individual's past convictions for the purposes of recidivism, given that penalties often increase in severity with each added conviction. Examination of the statutory provisions which provide for expungement of criminal records reveals that the legislature has not yet seen fit to allow expungement of a judgment of conviction where a sentence of conditional discharge is imposed. Absent appropriate legislation, the trial court had no authority to expunge a record with a judgment of conviction under the circumstances presented here. Accordingly, the court's order of expungement was void, and the State Police's motion to vacate should have been granted.

¶ 7        For the foregoing reasons, we reverse the judgment of the circuit court of Lawrence County denying the State Police's petition to vacate the expungement order, and we vacate the order of expungement.

¶ 8        Reversed; order vacated.