2021 IL App (3d) 200169

Opinion filed April 29, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| NEIL E. ACKERMAN, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Petitioner-Appellant, | ) | Will County, Illinois |
| | ) | |
| v. | ) | Appeal No. 3-20-0169 |
| | ) | Circuit No. 19-MR-3256 |
| THE PEOPLE OF THE STATE | ) | |
| OF ILLINOIS, | ) | Honorable |
| | ) | David Martin Carlson |
| Respondent-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Wright concurred in the judgment and opinion.

_____

**OPINION**

¶ 1    The trial court denied the petitioner's petition to expunge. He appealed. We hold that a timely written objection is required before a trial court can consider factors set forth by parties entitled to notice of a petition to expunge. In the absence of a timely, written objection it was error for the State to participate in a court proceeding on a petition to expunge. We vacate the trial court's denial of the petition to expunge and remand for further proceedings consistent with this opinion.

¶ 2                                        BACKGROUND

¶ 3        Petitioner Neil E. Ackerman filed a petition to expunge portions of his criminal record on November 20, 2019. He sought expungement of records for the following: a 1991 arrest for possession of controlled substance, which resulted in a conviction and satisfactory completion of qualified probation; a 1992 theft arrest, which resulted in conviction and satisfactory completion of qualified probation; a 2001 arrest and charge for criminal trespass which was nol-prossed; and two charges in 2009 that originated as criminal sexual assault/force charges that were then amended to domestic battery and later nol-prossed. At the time of the proceedings, Ackerman was incarcerated in the Illinois Department of Corrections (IDOC) on unrelated charges and remains in IDOC custody with a projected discharge date of 2037.

¶ 4        Ackerman provided notice of his petition to expunge to the arresting authorities. At the time Ackerman's petition to expunge came before the trial court on January 31, 2020, no written objections had been filed by any of the parties entitled to notice. Ackerman was not present in court. When the trial court called the case, an assistant state's attorney answered and asked the trial court to deny the petition, arguing that the records were not eligible for expungement. The trial court granted the request and denied Ackerman's petition. He timely appealed.

¶ 5                                    ANALYSIS

¶ 6        On appeal, Ackerman challenges the trial court's denial of his petition to expunge on several grounds. First, Ackerman claims his due process rights were violated when the trial court held a hearing on the basis of the State's untimely objection without first notifying him and giving him an opportunity to participate. He further argues the trial court abused its discretion in denying his petition without first considering the factors set forth in section 5.2(d)(7)(A)-(E) of the expungement statute. See 20 ILCS 2630/5.2(d)(7)(A)-(E) (West 2018).

¶ 7        We begin our analysis of Ackerman's due process claims by examining the relevant portions of the expungement statute. The statutory framework authorizing the entry of a court order expunging eligible criminal records is set forth in section 5.2 of the Criminal Identification Act (*id.* § 5.2). The statute requires that when a person files a petition to expunge in the circuit court, they must give notice of the petition to the state's attorney and other interested law enforcement agencies. *Id.* § 5.2(d)(4). Once a petition has been filed, the state's attorney and any other party entitled to notification has the right to object to the expungement of the records outlined in the petition. *Id.* § 5.2(d)(5)(A).

¶ 8        In the matter before us, Ackerman claims his due process rights were violated when the state's attorney was allowed to proceed with an objection at a hearing on the petition without following the requirements set forth in the statute, thus depriving him of notice and an opportunity to be heard. Since any rights Ackerman has with regard to the opportunity to seek expungement of any portion of this criminal record were conferred by statute, a determination of whether those rights were violated is a matter of statutory interpretation and subject to our *de novo* review. *Wakefield v. Department of State Police*, 2013 IL App (5th) 120303, ¶ 5 (" 'expungement of criminal records is a creature of legislative enactment' " (quoting *People v. Thon*, 319 Ill. App. 3d 855, 862 (2001))); *Duncan v. People ex rel. Brady*, 2013 IL App (3d) 120044, ¶ 12 (issues of statutory interpretation reviewed *de novo*).

¶ 9        The expungement statute sets forth specific requirements for the filing of objections to petitions for expungement. The relevant portion of the statute provides as follows. Where a petitioner seeking expungement has been convicted of a criminal offense, "the State's Attorney may object to the expungement on the grounds that the records contain specific relevant information aside from the mere fact of arrest." 20 ILCS 2630/5.2(b)(1.5) (West 2018). Parties

3

entitled to notice of a petition to expunge may file an objection, which "shall be in writing" and state specifically the basis of the objection, within 60 days after the date of service of the petition. *Id.* § 5.2(d)(5)(A), (B). Unless an objection is filed by the state's attorney or other interested law enforcement agencies within 60 days, the court shall grant or deny the petition. *Id.* § 5.2(d)(6)(B). If an objection is filed, the court "shall set a date for a hearing and notify the petitioner and all parties entitled to notice of the petition of the hearing date at least 30 days prior to the hearing." *Id.* § 5.2(d)(7).

¶ 10        There is no dispute that none of the parties entitled to notice filed a timely, written objection to the petition to expunge. Ackerman filed his petition to expunge on November 20, 2019. The parties were served notice of the petition on or before November 25, 2019. No interested parties filed written objections by January 25, 2020. On January 31, 2020, the State called Ackerman's case and the following dialogue took place.

> ASSISTANT STATE'S ATTORNEY: "His cases are up for expungement. However, he received probation and a Department of Corrections prison sentence, so they wouldn't be eligible for expungement. In addition to that, he is currently in the Illinois Department of Corrections with a projected paroled date or projected discharge date of 2037. So I am asking you to deny his request.
>
> THE COURT: Okay. So ordered."

¶ 11        Ackerman argues the statute prohibits the trial court from entertaining the objection and argument made by the assistant state's attorney because it was not submitted in writing within 60 days of the filing of the petition. Ackerman further argues the trial court could not hold a hearing on the objection without first giving him notice and an opportunity to be heard. In light of the clear statutory language, we agree, in part, with Ackerman. We find the State's participation in the

4

hearing in the trial court was improper as the state's attorney did not file a written objection and the deadline for the filing of objections had passed. Therefore, the trial court could not entertain the arguments of any objector, and likewise, Ackerman was not entitled to notice or the opportunity to participate in a hearing. In this circumstance, the trial court is required to rule solely on the basis of the petition.

¶ 12 The statutory requirement for the trial court to only grant or deny the petition without a hearing when no timely objection has been filed is similar to the one employed at the first stage of proceedings under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)). At the first stage, the court reviews a postconviction petition on its own, without participation by any of the interested parties. See *People v. Kane*, 2013 IL App (2d) 110594, ¶ 26 (court independently reviews first-stage petition). Input from the State and further pleadings from the defendant are not permitted at the initial stage of postconviction proceedings. See *People v. Rish*, 344 Ill. App. 3d 1105, 1109-10 (2003) (first-stage petition reviewed without feedback from the parties); *People v. Tyler*, 2015 IL App (1st) 123470, ¶ 144 (trial court reviews first-stage petition unaided by the parties).

¶ 13 Although argument made by the assistant state's attorney was not lengthy or formal, it did contain substantive arguments about the viability of Ackerman's petition and a recommendation that the petition be denied. Because the state's attorney did not file a written objection in a timely manner or provide notice to Ackerman of the hearing on the objection, it was error for the trial court to consider those remarks. Therefore, we vacate the order denying the petition to expunge and remand this matter to the trial court so that the trial court can rule on the petition to expunge without any further input as prescribed in the statute. Because our ruling on this issue is dispositive, we need not address Ackerman's additional arguments.

5

¶ 14                                        CONCLUSION

¶ 15          For the foregoing reasons, the judgment of the circuit court of Will County is vacated, and

the cause remanded.

¶ 16          Vacated and remanded.

**No. 3-20-0169**

| | |
|---|---|
| **Cite as:** | *Ackerman v. People*, 2021 IL App (3d) 200169 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 19-MR-3256; the Hon. David Martin Carlson, Judge, presiding. |
| **Attorneys for Appellant:** | Neil Ackerman, of Galesburg, appellant *pro se*. |
| **Attorneys for Appellee:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |