2024 IL App (2d) 230196
No. 2-23-0196
Opinion filed November 15, 2024

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CM-955 |
| ADAM M. FLORZAK, | ) ) | Honorable Paul B. Novak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Birkett and Mullen concurred in the judgment and opinion.

**OPINION**

¶ 1    *Pro se* defendant, Adam M. Florzak, appeals from the trial court's order denying his petition to expunge and impound criminal records. We vacate and remand for a new hearing.

¶ 2                                    I. BACKGROUND

¶ 3    In April 2019, defendant was charged with two counts of domestic battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2018)) arising from an incident in which he allegedly "struck Gina Florzak [(his wife)] about the body with a door." On December 3, 2019, he entered a negotiated plea of guilty to one count of disorderly conduct (*id.* § 26-1(a)(1)) and was sentenced to one year of court supervision. Terms of the supervision included the performance of 25 hours of community service

and submission to an anger management assessment. Supervision was to terminate on December 3, 2020.

¶ 4　Defendant completed his community service requirement on January 2, 2020. That same month, the anger management assessor recommended no treatment or services for defendant. Defendant's compliance officer reported that defendant had successfully completed all requirements of his supervision by October 16, 2020. Defendant filed a motion for early termination of supervision, which the trial court granted on October 30, 2020.

¶ 5　On November 1, 2022, defendant *pro se* filed a petition to expunge and impound and/or seal the criminal records in the disorderly conduct case, pursuant to the Criminal Identification Act (Act) (20 ILCS 2630/5.2 (West 2022)). Defendant filed the petition using a preprinted form that stated that it was "approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts." He checked the "Yes" box for "I am requesting to expunge and impound records" and the "No" box for "I am requesting to seal records." The notice of filing was stamped November 1, 2022, by the circuit clerk, who also certified that she mailed the notice and attached documents with first class postage prepaid to all parties listed on the notice, including the Lake County State's Attorney. The State filed an objection to the petition on January 18, 2023, objecting based on the "nature of the offense."

¶ 6　Defendant then filed a motion to strike the State's objection to the petition, contending that, according to section 5.2(d)(5)(B) of the Act (*id.* § 5.2(d)(5)(B)), any objections to a petition to expunge or seal must be filed within 60 days of the date of service of the petition. According to defendant, the State was served with the petition on November 9, 2022; thus, the State's January 18, 2023, objection was filed 70 days after service of the petition. After a short hearing on March 16, 2023, the trial court granted the motion to strike.

¶ 7    The court then immediately proceeded to a hearing on defendant's petition to expunge. Defendant was given the opportunity to say "[a]nything that you would like to tell me why you believe your case should be expunged and/or sealed." Defendant noted that he had successfully completed the supervision for disorderly conduct and even had the supervision terminated early. He had gone back to school, graduating with highest distinction from the University of Illinois and was currently a graduate student at the University of Texas at Austin, studying data science. Defendant explained: "[M]y prior professional experience is in the financial industry, and any sort of blemish like this will be impacting my ability to seek employment at the same level that I had prior to this."

¶ 8    The court then asked the State if it had "any questions or statements [it] would like to make for the record." The State asked defendant four questions, about any subsequent interactions with law enforcement, his divorce, his parenting agreement, and his residence. After asking defendant about his employment plans, the court ruled:

"All right. So based on the totality of the circumstances the Court again is not considering the State's objection. It was previously ruled it is improper based on time, and that was stricken. The Court has looked at the charging document which originated with a domestic battery. It led you on up to a plea of guilty on disorderly conduct, a Class C misdemeanor. The defendant indicated through informing the Court that he was in a contentious divorce situation, and the case then proceeded very quickly after the plea of guilty.

The Court does believe some relief is appropriate. I do believe that a seal is appropriate at this time. Maybe a passage of more time [*sic*] an expungement may be appropriate, but not at this time. So I will grant you a seal, which means you are able to fill

out applications for jobs, that there's no case in your background. *** But based on the nature of the offense, the allegations, the plea of guilty, I believe a seal is a better option at this time. After a few years passes [*sic*] and you wish to seek an opportunity to expunge it totally, the Court would be open to that after a hearing. But I will grant you the seal at this time."

When asked by defendant how long he would need to wait to file another petition for expungement, the court replied, "a few years," explaining:

"[B]ased on the nature of the offense, the Court has some reluctance with regards to totally expunging it. What expungement means is that the police reports are destroyed, the fingerprint cards are destroyed. There is no record of it ever occurring. And because it's so close in time and the nature of the allegations, the fact that you have children in common, I'm reluctant to the expungement at this time."

Defendant stated that, because his job in security would require him to submit fingerprints for future employment opportunities, "I'm probably not going to be able to get a job ***." The court responded:

"So like I said, if you have new things at that time, if you say that you are denied a job based on those things, then I'm open to a hearing. If it's less than two years, then that would be an explanation why. That would also need a little bit more passage of time."

¶ 9 Defendant filed a motion to reconsider, raising three arguments: (1) as no timely objection to the petition was filed, the court was required to rule based solely on the petition; (2) the court erred in using defendant's negotiated plea as a basis to deny the petition or to otherwise infer guilt; and (3) the court erred in requiring defendant to show good cause for expungement. After hearing argument from defendant and offering him the (declined) opportunity to consult with an attorney,

the court gave the State an opportunity to respond. The State asked: "Your Honor, given that the State does not have an objection and, in fact, missed it's [*sic*] timing on the objection, I am asking whether I have—a response is allowed?"

The court allowed the State to respond to the motion to reconsider "as to the legal sufficiency or any of those issues, but I will not allow you to argue that you believe an expungement or seal is appropriate." The State argued that the trial court had discretion "to expunge or to seal or to deny relief." The State contended that, in general, the question before the court was

> "if the arrest itself was tainted by lack of probable cause or harassment or otherwise un[c]onstitutional *** [as well as] what type of harm the petitioner faced by not being granted an expungement or a seal, and if that in fact, is pled and factored in what factual harm, what extreme circumstances would petitioner be facing in the absence of relief.
>
> The State's position is that the Court has discretion to hear the matter and to rule on the case accordingly. There is no automatic right or entitlement to an expungement."

After hearing the State's argument and defendant's reply, the court continued the case for the State to present the factual basis for defendant's guilty plea and for further argument.

¶ 10 On May 18, 2023, the court granted the motion to reconsider, as the court believed that defendant "should have a new hearing." The court stated its intention to continue the case for some period "to make sure that you [(defendant)] have your say and you have an opportunity to bring in witnesses or whatever you want to do, and evidence that you bring in." A continuance would also "give the prosecutor on this case because he's a new prosecutor here [a chance] to get up to speed, if you guys want to have communications, whatever you want to do ***."

¶ 11 Defendant argued:

"[B]oth the statute and the case law supports [*sic*] that in the case where there is no objection to a request to expunge that the court should rule solely on the basis of the petition so at that point it just becomes a review of the petition itself, not a hearing. *** So that's why I appreciate your offer for a hearing, but I'm just questioning based on my research whether or not that's proper given the circumstances."

The court responded that it was willing to give defendant a hearing, "meaning that you could present witnesses, testimony, exhibits, anything for me to consider, and you're suggesting or arguing that I shouldn't do that?" Defendant responded:

"My argument is—I mean, again, I appreciate the offer. My argument is the same that it's been from the beginning is that both the *Ackerman vs. People* case, the statute itself and other case law that supports the statute is quite clear that when there is no objection that the Court shall rule solely on the basis of the petition without a hearing."

The court reiterated:

"I'm offering you a hearing where you can present witnesses and testimony. Do you want that hearing, or do you want me to just decide on the facts in the file and any argument? Because if you make argument that includes facts that are not in the file, then that would be considered testimony or evidence that I would have to consider.

* * *

And so I guess I need some direction from you. I'm offering you a hearing, and if you're telling me that you don't want that hearing, that the record's clear that you didn't want the hearing and that we'll proceed to arguments and then I can make a ruling. If that's what you're asking for, I'll be happy to give that to you. I'm offering you an opportunity to present witnesses, exhibits, whatever you want to do."

Defendant told the court, "I'm going to stick to my position that there is no basis under the law for a hearing in this matter, so I respectfully decline that offer." The court then explained its plan:

> "Okay. And so we're now at basically step one. The State will not be able to object. And now it's up for—I will allow you to make arguments and then I'll allow the State to discuss it if they wish, and if you have an objection as to what they say, then you can make an objection and then I'll rule. Okay?"

¶ 12    After agreeing, defendant, as he did at the initial hearing, told the court of his recent college graduation and entry into graduate school. He again explained that he had been unemployed for three years since pleading guilty and that this "caused adverse consequences" to him and his minor children. His career in "a very niche area of finance" required fingerprint and background checks. Defendant continued, "I'm asking for *** expungement so that I can return to the field that I have trained in." He had never been engaged in any acts of violence or had any criminal history. He said, "[The] disposition [(of court supervision after the guilty plea to disorderly conduct)] doesn't in my opinion have anything to do with keeping this matter on the record; it doesn't benefit the people of the [S]tate of Illinois, and it doesn't benefit me or my family."

¶ 13    The court then asked the State if it had anything to say. The State responded:

> "No, Judge. It appears that we failed to object timely and I don't have anything— I'm at a severe disadvantage. I don't even have a case number on this case because it was expunged—I mean it was sealed, so I don't have a file or a case number."

¶ 14    The court recapped its reasoning for its initial judgment sealing, rather than expunging, defendant's record: "it was recent in time; that I felt that a seal was appropriate because the police reports would be preserved, the age of your children, if there were issues in the future, that they

would be preserved possibly for your own protection or maybe the protection of the children." In the court's opinion, nothing had changed:

"And that was my concern, that it was fresh in time. \*\*\* And I mentioned to you at that time that a period of time that would pass, maybe a couple of years, I don't know, but that maybe a longer period of time without any contact with the police would be something that I would consider an expungement."

The court then continued:

"And so if you wish to file another motion to reconsider, you can do that. \*\*\* But the matter for the record is is [*sic*] that based on the nature of the situation, the closeness in time, I've balanced that with the statute and all the case law the Court is familiar with in terms of the negative impact on you. I believe that the nature of the offense, [and] the closeness in times are important preserving the records for a period of time; and that's why I do believe you're entitled to some relief, and that's why I'm granting your request for seal. Okay?"

¶ 15    This appeal followed.

¶ 16                                    II. ANALYSIS

¶ 17    We first note that the State, which did not file a timely objection below, has opted not to file an appellee's brief in this appeal. However, as the record is simple and the claims of error are susceptible to easy decision without the aid of an appellee's brief, we may reach the merits. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976).

¶ 18    Defendant first contends that the trial court erred in holding a hearing on his petition for expungement in the absence of an objection by the State. Citing *Ackerman v. People*, 2021 IL App (3d) 200169, defendant argues that, pursuant to section 5.2(d)(6)(B) of the Act (20 ILCS

2630/5.2(d)(6)(B) (West 2022)), where no interested party has filed a timely, written objection to a petition for expungement, a trial court is required to rule solely on the basis of the petition, with no hearing. As this involves an issue of statutory construction and a question of law, we will review this question *de novo*. *People v. Jones*, 379 Ill. App. 3d 873, 875 (2008)

¶ 19     We note that defendant did not initially object in the trial court to proceeding to a hearing. Defendant took the opportunity to tell the court reasons why his petition should be granted: his early termination of supervision, his continued success in schooling, and the difficulty that a criminal record would impose on his "ability to seek employment at the same level that [he] had prior to this." Not until his motion to reconsider did defendant argue that the court could not hold a hearing on his petition. An argument raised for the first time in a motion to reconsider in the trial court is forfeited on appeal. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36. However, forfeiture can be forfeited, which the State did by not filing a timely objection. *People v. De La Paz*, 204 Ill. 2d 426, 433 (2003). We choose to address this issue.

¶ 20     Section 5.2 (d) of the Act addresses the procedures to be followed when seeking to expunge or seal the records. A verified petition—containing the petitioner's name, date of birth, current address, and, for each arrest or charge sought to be sealed or expunged, the case number, date of arrest (if any), identity of the arresting authority, and "such other information as the court may require"—is to be filed with the clerk of the court where the arrests occurred or the charges were brought. 20 ILCS 2630/5.2(d)(1), (2) (West 2022). The circuit court clerk is to promptly serve a copy of the petition and documentation to support the petition on the state's attorney or prosecutor who was charged with the duty of prosecuting the offense, the Illinois State Police, the arresting agency, and the chief legal officer of the unit of local government effecting the arrest. *Id*. § 5.2(d)(4). Any of those parties, within 60 days of service, may file with the circuit court clerk a

written objection to the petition stating with specificity the basis of the objection. *Id.* § 5.2(d)(5)(A), (B).

¶ 21    If an objection is filed, the court shall hold a hearing and shall grant or deny the petition to expunge or seal the records, based on the evidence presented at the hearing. *Id.* § 5.2(d)(7). In reaching its decision, the court may consider the following:

> "(A) the strength of the evidence supporting the defendant's conviction;
>
> (B) the reasons for retention of the conviction records by the State;
>
> (C) the petitioner's age, criminal record history, and employment history;
>
> (D) the period of time between the petitioner's arrest on the charge resulting in the conviction and the filing of the petition ***; and
>
> (E) the specific adverse consequences the petitioner may be subject to if the petition is denied." *Id.*

However, if no objection to the petition to expunge or seal is filed within 60 days from the date of service of the petition, "the court shall enter an order granting or denying the petition." *Id.* § 5.2(d)(6)(B).

¶ 22    There is no dispute that no interested party timely filed a written objection to defendant's petition in this case. Further, *Ackerman* did, indeed, posit that, in such a situation, "the trial court is required to rule solely on the basis of the petition." *Ackerman*, 2021 IL App (3d) 200169, ¶ 11. However, we find *Ackerman*'s analysis to be flawed, leading to an absurd result. A review of the petition filed in this case reveals its inadequacy to be the sole basis of a ruling on its merits.

¶ 23    Defendant filed the supreme court-approved "REQUEST TO EXPUNGE & IMPOUND AND/OR SEAL CRIMINAL RECORDS," a form that is "required to be accepted in all Illinois Circuit Courts." See *Request to Expunge & Impound and/or Seal Criminal Records*, Ill. Courts,

https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/62dae17d-e95a-4185-9242- a8cce2bcffde/EXP-AD%20Request.pdf (last visited Oct. 23, 2024) [https://perma.cc/3T37-QAAT]. The only information that defendant included on this form was the county in which the form was filed; his name, date of birth, race, and gender; the case number of the underlying offense; and the arresting agency, charge, date of arrest, and outcome of the offense. He checked boxes affirming that he was "requesting to expunge and impound records" and that he was not "requesting to seal records." He also checked boxes indicating that, for at least one case, he received a sentence of supervision, at least two years had passed since he successfully completed his supervision, and he was not seeking to expunge any arrests or charges that resulted in supervision for various enumerated offenses. This was the sum total of information included in the petition.

¶ 24     A petition on the preprinted form, on its own, provides nothing more than the petitioner's identification and the bare requirements for a request to expunge records, thereby fulfilling the requirements of section 2630/5.2(d) of the Act (20 ILCS 2630/5.2(d)(1), (2) (West 2022)). If this were to be the sole basis for a trial court's decision when no objection is filed, the decision would be based on nothing more than the petitioner's verified allegation that he fulfills the statutory requirements to request an expungement. However, a trial court is not required to grant expungement to anyone who meets the explicit statutory requirements. See *People v. Carroccia*, 352 Ill. App. 3d 1114, 1118 (2004). A trial court "is vested with broad discretion in ruling on petitions to expunge." *Id.* at 1122. Obviously, more than the minimum requirements to be eligible for expungement must be involved.

¶ 25     *Ackerman* analogizes section 5.2(d)(6)(B) of the Act to the first stage of proceedings under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). *Ackerman*, 2021 IL App

(3d) 200169, ¶ 12. However, this analogy is inapt. At the first stage of a postconviction petition proceeding, "the trial court, without input from the State, examines the petition only to determine if [it alleges] a constitutional deprivation unrebutted by the record, rendering the petition neither frivolous nor patently without merit." (Internal quotation marks omitted.). *People v. Turner*, 2012 IL App (2d) 100819, ¶ 18. At that stage of postconviction proceedings, "all *well-pleaded allegations in the petition and supporting affidavits* that are not positively rebutted by the trial record are to be taken as true. [Citations.] In deciding the legal sufficiency of a postconviction petition, the court is precluded from making factual and credibility determinations." (Emphasis added.) *People v. Robinson*, 2020 IL 123849, ¶ 45. At that stage, the trial court does not consider the petition on the merits; the court determines whether the petition alleges a constitutional infirmity that would necessitate relief. *People v. Reyes*, 369 Ill. App. 3d 1, 18 (2006). A decision on the merits would come only after an initial finding that the petition was neither frivolous nor patently without merit, filings by the State and the petitioner, the petition's survival of a potential motion to dismiss, and an evidentiary hearing. See 725 ILCS 5/122-5, 122-6 (West 2022).

¶ 26    *Ackerman*'s analogy simply does not work here. Applying *Ackerman's* analogy in the situation before us would require the trial court to not only determine if the petition met the minimum requirements, as in a postconviction petition proceeding, but to exercise its discretion and render judgment on the petition, with no more than the minimum statutory requirements for eligibility before it. In a postconviction setting, the first stage trial court must consider and take as true "all well-pleaded allegations in the petition and supporting affidavits that are not positively rebutted by the trial record." *Robinson*, 2020 IL 123849, ¶ 45. In the expungement context, the trial court receives no affidavits and no factual allegations outside of the facts necessary to establish eligibility. Neither section 5.2(d)(2) of the Act nor the supreme court's approved form

mention affidavits, and the form provides no instruction for appending any additional information other than additional arrests or cases. A decision based on the expungement petition alone is not a feasible option. The legislature has not provided a system wherein a petition must be granted if the requirements for filing a petition have been met and no timely objection has been filed; yet this is the outcome that defendant and *Ackerman* would require. For this reason, we decline to follow this aspect of *Ackerman*.

¶ 27    Defendant's actions in the trial court also belie his contention on appeal. After the trial court granted defendant's motion to strike the State's objection as untimely, the following colloquy took place:

> "THE COURT: *** So the Court will not consider [the State's objection] for the hearing. Okay? So we can go to hearing today. You want to go to hearing today or you want another date for hearing?
>
> THE DEFENDANT: If we can do it today.
>
> THE COURT: Very well. Anything that you would like to tell me why you believe your case should be expunged and/or sealed?"

¶ 28    Without objecting, defendant took the opportunity to tell the court reasons why his petition should be granted. Even after raising the issue in his motion to reconsider and declining the court's "offer" of a hearing after the court granted his motion, defendant did not proceed consistently with his position that the court render a decision based solely on the petition. Once again, defendant took the opportunity to tell the court about his educational exploits since his plea of guilty and his difficulties in finding employment in his niche field. None of this information was contained in defendant's petition, nor was there any affidavit filed containing this information. Further, as

defendant was not sworn as a witness, there was no testimony as to these issues. Yet defendant argued that these issues provided a basis for the trial court to grant his petition.

¶ 29    The Act provides for a hearing on an expungement petition when an objection is filed; at that hearing, "the court shall hear evidence on whether the petition should or should not be granted, and shall grant or deny the petition to expunge or seal the records based on the evidence presented at the hearing." 20 ILCS 2630/5.2(d)(7) (West 2022). However, such a "hearing" is more properly called an "evidentiary hearing," a " 'hearing at which evidence is presented, as opposed to a hearing at which only legal argument is presented.' " *People v. Johnson*, 206 Ill. 2d 348, 358, (2002) (quoting Black's Law Dictionary 725 (7th ed. 1999)). The hearing at issue in this case was not an evidentiary hearing; all that was presented was legal argument. The trial court did not improperly hold an evidentiary hearing as provided in section 5.2(d)(7). It held a hearing at which defendant was allowed to argue why the court should grant his petition. This was not error.

¶ 30    However, the trial court proceedings on defendant's petition were rendered improper and erroneous when the trial court allowed the State to participate even though the State had not filed an objection. Within moments after granting defendant's motion to strike the State's untimely objection, the court asked the State if it had "any questions or statements [it] would like to make for the record" and allowed the State to ask defendant questions about subsequent interactions with law enforcement, his divorce, his parenting agreement, and his residence. The court allowed the State to make a limited response to defendant's motion to reconsider even after the State asked the court, "[G]iven that the State does not have an objection and, in fact, missed it's [*sic*] timing on the objection, I am asking whether I have—a response is allowed?" After granting defendant's motion to reconsider, the court offered to continue the case to, in part, "give the prosecutor on this case because he's a new prosecutor here [a chance] to get up to speed, if you guys want to have

communications, whatever you want to do." In explaining the procedures to be followed after granting the motion to reconsider, the court told defendant, "I will allow you to make arguments and then I'll allow the State to discuss it if they wish, and if you have an objection as to what they say, then you can make an objection and then I'll rule." The State did respond when given the opportunity, saying:

> "It appears that we failed to object timely and I don't have anything—I'm at a severe disadvantage. I don't even have a case number on this case because it was expunged—I mean it was sealed, so I don't have a file or a case number."

¶ 31     While we have declined to follow the analysis of *Ackerman* that led to the conclusion that "the trial court is required to rule solely on the basis of the petition" (*Ackerman*, 2021 IL App (3d) 200169, ¶ 11), we still find *Ackerman* relevant here. In *Ackerman*, the State failed to file a timely objection, yet the trial court allowed the State to make brief "substantive arguments about the viability of Ackerman's petition and a recommendation that the petition be denied" when the case came up in Ackerman's absence. *Id.* ¶ 13. The trial court then denied Ackerman's petition. *Id.* ¶ 4. Ultimately, the appellate court held: "Because the state's attorney did not file a written objection in a timely manner or provide notice to Ackerman of the hearing on the objection, it was error for the trial court to consider those remarks." *Id.* ¶ 13.

¶ 32     Here, the trial court's continued involvement of the State in all phases of this litigation after striking the State's objection as not timely filed is inexplicable and erroneous. Even the State questioned the legal basis for its continued involvement. The trial court's consideration of the State's needs (intending to continue the case to "give the prosecutor on this case because he's a new prosecutor here [a chance] to get up to speed") and arguments (whether substantive or not) does not render an outcome that is worthy of confidence. See *In re G.W.*, 357 Ill. App. 3d 1058,

1062 (2005). Therefore, we vacate the trial court's judgment denying defendant's petition for expungement and remand the cause for a new hearing on the petition. This remand is without prejudice to defendant filing an amended petition and having either a hearing or an evidentiary hearing at his request.

¶ 33    Defendant next contends that the trial court erred in instructing him to wait an additional two years to file another petition to expunge. According to defendant, the court "requir[ed] him to wait a total of four years after discharge and dismissal upon his successful conclusion of court supervision for disorderly conduct." We disagree.

¶ 34    The Act provides that arrests for charges that resulted in orders of supervision (other than specified charges not at issue in this case) "shall not be eligible for expungement until 2 years have passed following the satisfactory termination of the supervision." 20 ILCS 2630/5.2(b)(2)(B)(ii) (West 2022). The two-year period provided in the statute applies to the minimum amount of time before one is eligible to *seek* an expungement, not to *receive* an expungement. The trial court, in an exercise of its discretion, sealed rather than expunged defendant's record because, while defendant was "entitled to some relief," two years was too close in time to the offense for the court to destroy the records.

¶ 35    Further, the trial court never required defendant to wait an additional two years to file a new petition. The court explained that, if circumstances changed, especially regarding defendant's inability to get a job even in light of the sealed record, "if you have new things at that time, if you say that you are denied a job based on those things, then I'm open to a hearing. If it's less than two years, then that would be an explanation why. That would also need a little bit more passage of time." After again declining to expunge defendant's record after the motion to reconsider, the court also explained that, as the court "mentioned to you at that time that a period of time that would

pass, maybe a couple of years, I don't know, but that maybe a longer period of time without any contact with the police would be something that I would consider an expungement." The court also informed defendant that, "if you wish to file another motion to reconsider, you can do that. If you file—wish to file any other legal pleadings, you have a right to do that as well." The court never imposed an additional two-year requirement for filing a new petition. We find no error here.

¶ 36    Defendant next contends that the trial court erred in requiring him to show good cause for expungement. According to defendant, the court required him to provide evidence that his employment prospects were limited as a result of the court's decision to seal, rather than expunge, defendant's record.

¶ 37    This court has long held that a defendant is not required to demonstrate good cause for expungement of his criminal record. See *Carroccia*, 352 Ill. App. 3d at 1120 n.1 (agreeing with *People v. Satterwhite*, 319 Ill. App. 3d 931, 934-35 (2001)). However, we do not conclude that the trial court required any such demonstration. The court explained that it declined to expunge defendant's record because it determined that "the nature of the offense, [and] the closeness in times are important preserving the records for a period of time." The court allowed that it might, in its discretion, readdress expungement if defendant had problems with employment even in light of the seal, or that "maybe a longer period of time without any contact with the police would be something that I would consider an expungement." The court was not requiring defendant to show good cause; it was merely explaining the basis for its decision and how future events could change its view of the petition. We find no error here.

¶ 38    Defendant next contends that the trial court erred in declaring that it was not bound by rulings from another appellate district. During argument on defendant's motion to reconsider, the court, noting that defendant had cited some Third District appellate cases, told defendant, "Did

you understand we are in the Second District here, so a Third District case is also not binding on the Second District[?] You understand that?"

¶ 39     "It is fundamental in Illinois that the decisions of an appellate court are binding precedent on all circuit courts regardless of locale." (Internal quotation marks omitted.) *People v. Carpenter*, 228 Ill. 2d 250, 259 (2008). However, when conflicts arise amongst appellate districts, a circuit court is bound by the decisions of the appellate court of the district in which it sits. *People v. Rogers*, 2021 IL 126163, ¶ 32. The court did not identify any Second District case conflicting with defendant's cited cases. While we need not reverse the trial court's decision on this basis, we remind the trial court of these basic rules of *stare decisis*.

¶ 40     Defendant next raises a convoluted contention, in essence arguing that the trial court improperly considered his negotiated guilty plea in denying his petition and/or implying or inferring his guilt. This contention is both convoluted and undeveloped, and we will give it no consideration.

¶ 41     Defendant finally argues, in the alternative, that the trial court's judgment was against the manifest weight of the evidence admissible under section 5.2(d)(7) of the Act (20 ILCS 2630/5.2(d)(7) (West 2022)), which governs hearings when a timely objection is filed. After providing two pages of his argument at the expungement hearing, defendant merely argues that, despite his lengthy testimony providing "numerous evidentiary facts *** favorable to his cause" and "no rebuttal from the State," the trial court still ruled against the manifest weight of the evidence and denied his petition to expunge.

¶ 42     We first note that we review the denial of a petition to expunge for an abuse of discretion (see *Carroccia*, 352 Ill. App. 3d at 1122), not for whether it was against the manifest weight of the evidence. "An abuse of discretion exists only in cases where the trial court's decision is arbitrary,

fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court." (Internal quotation marks omitted.) *People v. Laguna*, 2014 IL App (2d) 131145, ¶ 14.

¶ 43    Defendant's contention here can be reduced to "I gave a lot of reasons for expungement; no one contradicted them. The court's decision not to expunge was against the manifest weight of the evidence." We must point out that defendant's statements in court were not evidence; defendant was not sworn. Instead, he provided argument. This portion of defendant's brief does not even address the trial court's oral reasoning for sealing, rather than expunging, defendant's record, nor does it attempt to show how the trial court's ruling was against the manifest weight of the evidence. As this argument is legally flawed and underdeveloped, we will grant it no further consideration.

¶ 44                              III. CONCLUSION

¶ 45    For these reasons, the judgment of the circuit court of Lake County is vacated, and the cause is remanded for a new hearing or evidentiary hearing on defendant's petition or an amended petition.

¶ 46    Vacated and remanded.

*People v. Florzak*, **2024 IL App (2d) 230196**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 19-CM-955; the Hon. Paul B. Novak, Judge, presiding. |
| **Attorneys for Appellant:** | Adam Florzak, of Highland Park, appellant *pro se*. |
| **Attorneys for Appellee:** | No brief filed for appellee. |