2025 IL App (1st) 240700-U

No. 1-24-0700

Order filed July 11, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | Nos.    11 C 330573 |
| | ) | YT076173 |
| v. | ) | YP805451 |
| | ) | YP823077 |
| | ) | |
| | ) | Honorable |
| SAM PATEL VAGHANI, | ) | Jill C. Marisie and |
| | ) | Steven Wagner, |
| Defendant-Appellant. | ) | Judges, presiding. |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mikva and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where defendant failed to present an adequate record on appeal, we affirm the judgment of the trial court.

¶ 2    Defendant Sam Patel Vaghani appeals *pro se* from an order of the trial court denying his

motion to reconsider an order denying with prejudice his petition to expunge various traffic

offenses from his record. As relief, defendant requests that this court grant his petition as to one case where he was charged with driving while his license was suspended (DWLS) and one case where he was charged with driving without a valid driver's license. Because defendant has failed to present an adequate record on appeal, we affirm.

¶ 3    The following background is derived from the limited record on appeal, comprising the common law record and the report of proceedings of the hearing on defendant's motion to reconsider.

¶ 4    On October 10, 2023, defendant filed the petition to expunge that is the subject of this appeal. Defendant sought expungement of seven offenses from his record, the case numbers of which he listed as follows:

"11-297SB/11C33057301

10-18044-HE/YP823076+7

11-2825/YP823077-HE

10-3590/YP805451+0-SB

10.16418A/YT076173-ElkG.

YP534278-ElkG.

36137444-ISP."

¶ 5    In a supporting affidavit, defendant asserted that the offenses were "Illinois Vehicle Code Violations for dismissed [*sic*] Driving While License Revoked and Driving While License Suspended cases." He argued that the offenses were not listed as statutory exceptions to expungement, that he had filed for expungement within the statutory timeframe, that he committed

the offenses as a young adult, and that, since then, he had maintained a "clean criminal and employment history."

¶ 6    On December 1, 2023, the State filed a response, arguing that defendant's offenses were statutorily ineligible for expungement. Specifically, the State asserted that under section 5.2(a)(3) of the Criminal Identification Act (Act) (20 ILCS 2630/5.2(a)(3) (West 2022)), defendant could not have petty traffic offenses expunged.

¶ 7    The trial court entered a written order denying defendant's petition to expunge with prejudice "after an evidentiary hearing." Half sheets reflect that the hearing occurred on December 13, 2023, but the order bears a written date of December 14, 2023, and the clerk's file stamp reflects an entry date of December 15, 2023. The order indicated that minor traffic cases are not eligible for expungement relief. The court hand-wrote on the order, "Defendant/Petitioner can't refile without Judge's approval first." The case numbers were hand-written on the order as follows:

"YP805-450; YP805451

YT076173

11C33057301

YE00678467

YP534278 & YP534279

YP823077 & YP-823-076."

¶ 8    Half sheets dated December 13, 2023, in case numbers 11C33057301, YP805450 and YP805451, YP823076 and YP823077, and YT076173 reflect that the court denied defendant's petition to expunge on that date. Some of the half sheets also reflect that the petition was denied

with prejudice, that defendant could not refile without preauthorization from the court, and that the offenses were not statutorily eligible for expungement.

¶ 9 On a date unclear from the record, defendant filed a motion to "Vacate/Amend Final Orders." Defendant hand-dated the motion January 2, 2024, and wrote that the reason for the motion was "No Objection Hearing; per rule of 5.2(d) Procedure." Defendant also filed a motion to reconsider the expungement order, dated January 2, 2024, and a supporting affidavit, dated December 20, 2023. In the motion, defendant argued that the State's objection lacked specificity and was not mailed to him or served on him 30 days before an objection hearing. He also argued that his offenses were eligible for expungement, and requested that "the court reconsider the judgement [*sic*] order for review of those cases that qualify for expungement with arrests." In the affidavit, defendant asserted that his offenses were not statutorily excluded from expungement. He provided some factual details of the offenses, stressing that he had been 25 or 26 years old, that he was now 38 years old, and that, since the offenses, he had maintained a "clean criminal and employment history." He further stated that he had suffered adverse consequences due to his record, including identity theft and lost employment and education opportunities.

¶ 10 On March 1, 2024, defendant appeared on Zoom for the trial court's expungement call, before a different judge than the one who had entered the December 15, 2023, order. Defendant explained that he had filed a petition to expunge "6303 cases, driving while license suspended." He stated, "I understand under general provisions that the petty offenses do not qualify for the expungement, but I believe the 6303 does in more than one case especially with the ticket that comes from Elk Grove Village in which I have a certified disposition of supervision and supervision completed." Defendant argued that he was young at the time of the offenses, that he

had committed them over 10 years ago, that he had kept a clean record since then, and that he had suffered adverse effects due to his record, including identity theft.

¶ 11 The trial court reviewed defendant's records and denied him relief, stating, "All the previous orders that were entered denying each and every one of your requests for expungement, all those orders, once again, will stand." Defendant asked the court why the December 15, 2023, order was "put in with prejudice on the re-file." The court answered that defendant could ask the presiding judge, but that its "guess" was that defendant had an opportunity to be heard, that on some of his cases he had "appeared subsequent to those denials," and that there had been no change in circumstances since the original denials. As such, the court explained to defendant, "[T]here would be no reason to allow you to continue to re-file seeking relief for which you're not eligible. So that's the position that we find ourselves in. So all of the cases that you motioned up for relief, once again, are all denied."

¶ 12 Half sheets dated March 1, 2024, in case numbers 11C33057301, YP805450, Y805451, YP823076, and YT076173 variously indicated that defendant's petition to expunge was denied with prejudice due to the offenses not being statutorily eligible; that the prior order of December 14, 2023, would stand; and that defendant was prohibited from filing the same petition in the same case unless the presiding judge approved in writing, "per order 12-15-23."

¶ 13 On March 29, 2024, defendant filed a *pro se* notice of appeal, identifying the judgments appealed as dated December 14, 2023, and March 1, 2024.

¶ 14 In his brief on appeal, defendant contends that the trial court erred in denying his petition for expungement. Defendant divides his claims into six numbered arguments. First, he argues that the trial court incorrectly interpreted section 5.2 of the Act, asserting that DWLS and aggravated

driving while license revoked (ADWLR) are not excluded from eligibility for expungement. Second, he argues that he met all criteria for expungement, in that he had completed his sentences, had no further convictions, and "sufficient" time had passed since the offenses. Third, defendant argues that the trial court's decision contradicted caselaw discussing expungement. Fourth, defendant argues that he was denied an opportunity to present all relevant evidence and the court was not impartial. Fifth, he argues that new evidence reveals he was wrongfully convicted of ADWLR due to an "improper police stop." Finally, sixth, defendant argues that his conviction for ADWLR "does not retroactively impact the eligibility of the earlier cases for expungement based on completed terms." Although defendant's brief on appeal discusses multiple cases, as relief, he specifically requests that this court grant his petition for expungement "of the DWLS cases YT076173 and YP805451," which he maintains qualify for expungement under section 5.2(b)(1)(ii), (iii) of the Act (20 ILCS 2630/5.2 (b)(1)(ii), (iii) (West 2022)).

¶ 15    As a threshold matter, we must address the inadequacy of the record.

¶ 16    In order to support a claim of error on appeal, the appellant must present a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). This duty applies even to *pro se* litigants. *Teton, Tack & Feed, LLC v. Jimenez*, 2016 IL App (1st) 150584, ¶ 19. Any doubts arising from an incomplete record must be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. Absent transcripts or acceptable substitutes, it is presumed that the order entered by the trial court conformed with the law and had a sufficient factual basis. *Watkins v. Office of State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 19. Where the record on appeal is inadequate to support a claim of error, this court may dismiss an appeal or, as an alternative, summarily affirm the trial court's judgment. *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 39.

¶ 17     In this appeal, as noted, defendant specifically challenges the trial court's rejection of his claim that he was entitled to expungement in cases YT076173 and YP805451.

¶ 18     Under section 5.2 of the Act, an individual may petition the trial court to expunge and seal certain records in criminal cases. 20 ILCS 2630/5.2 (West 2022). The Act sets forth exclusions from eligibility in section 5.2(a)(3); relevant here, subsection 5.2(a)(3)(B) prohibits "the sealing or expungement of records of minor traffic offenses (as defined in subsection (a)(1)(G)), unless the petitioner was arrested and released without charging." *Id.* § 5.2(a)(3)(B). A minor traffic offense is defined by the Act as "a petty offense, business offense, or Class C misdemeanor under the Illinois Vehicle Code or a similar provision of a municipal or local ordinance." *Id.* § 5.2(a)(1)(G). A record that is not excluded by subsection (a)(3)(B) may be expunged if, among other things, a conviction was vacated or reversed, or an order of supervision was successfully completed. *Id.* § 5.2(b)(1)(ii), (iii).

¶ 19     In general, the denial of a petition to expunge is reviewed for an abuse of discretion. *People v. Doe*, 2024 IL App (2d) 230196, ¶ 42. The abuse of discretion standard of review also applies to a trial court's decisions regarding the evidence it hears when ruling on an expungement petition. *People v. Holland*, 374 Ill. App. 3d 121, 128 (2007). However, where the only issue is whether the Act authorizes expungement of a record, our review is *de novo*. *Duncan v. People ex rel. Brady*, 2013 IL App (3d) 120044, ¶ 12.

¶ 20     Here, the State objected to defendant's petition on the ground that his offenses were statutorily ineligible for expungement because they were petty traffic offenses. The court held a hearing on the objection, as required by the Act. See 20 ILCS 2630/5.2(d)(7) (West 2022). Defendant has not included in the record on appeal a transcript of proceedings from the December

13, 2023, hearing, after which the trial court denied his petition to expunge. Defendant also has not included in the record on appeal any acceptable transcript substitutes, such as a bystander's report or an agreed statement of facts pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017). As such, the record on appeal does not reveal what evidence was presented at the hearing with regard to cases YT076173 and YP805451, or what arguments the parties made.

¶ 21 The citation complaint for case YT076173 indicates defendant was charged with "driving while license suspended," and the citation complaint for case YP805451 identifies the charge as "driving without valid D.L." However, the common law record does not establish whether defendant was convicted of these offenses or whether, for example, he pled guilty to a lesser offense. In addition, no sentencing order for case YT076173 appears in the record and, while a sentencing order for case YP805451 indicates that defendant was sentenced to one year of conditional discharge, nothing in the record reveals whether defendant completed that term successfully. Certainly, nothing in the common law record indicates that defendant had a conviction vacated or reversed, or that he was sentenced to supervision that he completed successfully. See 20 ILCS 2630/5.2(b)(1)(ii), (iii) (West 2022).

¶ 22 Given the preceding, the record on appeal is insufficient for meaningful review of the trial court's decision to deny defendant's petition for expungement. As the State notes, there is no driver's abstract or other documentary evidence in the common law record that documents the dispositions in cases YT076173 and YP805451 so as to show whether they are eligible for expungement. Moreover, as noted, there is no transcript of proceedings or acceptable substitute of the hearing on the expungement petition to reveal what evidence was presented, what evidence the trial court allowed or refused to admit, what arguments the parties made, or what constituted the

basis for the trial court's decision. As such, we cannot determine whether the court abused its discretion in ruling on the admissibility of evidence or in ruling that expungement was not warranted, or whether the court erred in finding the two challenged cases were ineligible for expungement. Under these circumstances, we must presume that the court followed the law and had a sufficient factual basis for its rulings. *Watkins*, 2012 IL App (1st) 111756, ¶ 19.

¶ 23 In summary, defendant has failed to provide a record sufficient to review the trial court's judgment. The inadequate record makes meaningful review of defendant's arguments impossible and requires that the trial court's judgment be affirmed. See *Landau & Associates, P.C. v. Kennedy*, 262 Ill. App. 3d 89, 92 (1994); see also *People v. Dunigan*, 2022 IL App (4th) 210514-U, ¶¶ 25-26 (affirming denial of petition to expunge where record did not include a transcript of proceedings from the hearing on the petition and nothing in the record affirmatively showed the court did not know or follow the law); *People v. Powell*, 2021 IL App (4th) 200327-U, ¶ 36 (affirming denial of petition to seal or expunge where online records lacked sufficient information to conclude that the trial court erred); Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025) (nonprecedential orders entered on or after January 1, 2021, may be cited for persuasive purposes).

¶ 24 For the reasons explained above, we affirm the judgment of the trial court.

¶ 25 Affirmed.